## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LISA LOMBARDO,

                    Plaintiff,

            v.

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and JPMORGAN CHASE
BANK, N.A.,

                    Defendants.

Case No. 7:20-cv-6813

## <u>STIPULATED HIPAA-QUALIFIED PROTECTIVE ORDER</u>

Plaintiff Lisa Lombardo ("Plaintiff") and Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and JPMorgan Chase Bank, N.A. ("Chase") (collectively, "Defendants," and together with Plaintiff, the "Parties"), through their respective attorneys of record, subject to the approval of this Court, hereby stipulate to the following HIPAA-Qualified Protective Order ("QPO"), which is intended to comply with the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"), 42 C.F.R. Part 2 and applicable state laws and regulations governing patient privacy and protecting healthcare information.

1.      In accordance with and as defined by the HIPAA Rules, specifically 45 C.F.R. §

164.512(e)(l)(ii)(B) and (v), 42 C.F.R. Part 2 and related state laws, the Court hereby enters a

HIPAA-Qualified Protective Order. Pursuant to this QPO, all parties to this Litigation are:

    a.  prohibited from using or disclosing protected health information ("PHI") as defined
        by the HIPAA Rules, specifically 45 C.F.R. § 164.500 et seq., 42 C.F.R. Part 2 or
        applicable state laws and regulations governing patient privacy and protecting
        healthcare information, for any purpose other than the prosecution and defense of
        the above-styled Litigation;

    b.  required to securely destroy all copies of PHI or to return them to the disclosing
        entity within 60 days of the conclusion of the above-styled Litigation; and

    c.  permitted to submit pleadings, discovery, or other documents which include or
        reference PHI, subject to the terms of this QPO, the separate Stipulated Protective
        Order regarding Confidentiality (ECF No. 50) and Order Regarding Sealed
        Documents (ECF No. 51).

2.      "Litigation" is understood to include the above-styled Litigation, arbitration,

mediation, settlement discussions, hearings, final hearing, and preparation for the same

(collectively "Litigation").

3.      For the purpose of this QPO, PHI shall have the same scope and definition as set

forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, PHI refers to

individually identifiable health information, including without limit demographic information,

collected from an individual, that: (1) is created or received by a health care provider, health plan,

employer, or health care clearinghouse; and (2) relates to the past, present or future physical or

mental health or condition of an individual, or the past, present or future payment for the provision

of health care to an individual, and (i) that identifies the individual, or (ii) with respect to which

there is a reasonable basis to believe the information can be used to identify the individual.

4.      This QPO is not an authorization to obtain records. All parties must fully comply

with all applicable discovery rules, statutes, and precedent. Upon such compliance, all "covered

entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI to the attorneys

for the parties now of record in this Litigation or who may become of record in the future in this

Litigation.

5.      Based upon this QPO and commencing immediately from the date of this QPO, all

persons, including but not limited to physicians and other medical providers,

> a.   Shall comply with any and all subpoenas for records with or without deposition
>       pursuant to applicable law and rules of procedure to which no objection has been
>       timely filed, as well as other subpoenas served upon them at any future time in the
>       course of this Litigation; and

> b.   Are authorized and ordered to use or disclose PHI in response to said subpoenas, if
>       such use or disclosure is necessary to comply with such subpoenas.

**<u>Authorization and Order to Disclose PHI in the Course of</u>**
**<u>Discovery and Litigation Proceedings</u>**

6.      Additionally, pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of

compliance with the HIPAA Rules, 42 C.F.R. Part 2 and related state laws, and without waiver of

any right to the prepayment of costs or any other appropriate objection or privilege that may be

timely asserted, the attorneys, employees, agents, or designees of each party or each party's legal

counsel in the Litigation, and all duly noticed persons, are expressly and specifically

**AUTHORIZED** and **ORDERED** to:

> a.   respond to valid discovery requests served pursuant to the applicable Rules of
>       Procedure in the Litigation;

> b.   respond to valid and timely Requests for Copies or Requests for Production from
>       Non-Parties served pursuant to the applicable Rules of Procedure in the Litigation
>       for production of documents and things without deposition concerning PHI;

> c.   respond to each of a party's own experts who request, either orally or in writing,
>       PHI necessary for the purposes of reviewing the Litigation in whole or in part,
>       regardless of whether the expert is a consulting or testifying expert, by disclosing
>       and providing such requested PHI; and

      d.  disclose to the Court PHI as may be necessary for the conduct of the Litigation consistent with the terms of this QPO.

7.      The parties and their attorneys shall be permitted to use and disclose PHI solely for the matters reasonably connected with this Litigation. Permitted disclosures may be made in this Litigation to:

      a.  Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

      b.  Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a Declaration of Compliance in the form attached hereto as **Exhibit A**;

      c.  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      d.  The Court and court personnel;

      e.  Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consent to such disclosure;

      f.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearing including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

      g.  The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit and employees who are witnesses or potential witnesses in the matter.

8.      PHI shall not be contained, referenced within, or annexed to a pleading, motion, exhibit, or other paper submitted to the Court, unless the paper bears an appropriate legend.

9.      In compliance with HIPAA, 42 C.F.R. Part 2 and related state laws, the authorizations and orders set forth in paragraph 6, 7, and 8 of this QPO expressly include PHI

concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases if so requested.

10.     Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of compliance with the HIPAA Rules, 42 C.F.R. Part 2 and related state laws, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically **AUTHORIZED** and **ORDERED** to do so with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such Litigation service, designated by a party or a party's legal counsel in this case. The protections and requirements of this QPO apply to such service providers. Each party or the party's legal counsel is charged with obtaining advance consent of such service to comply with this paragraph. Upon such consent, the service provider will be deemed to have voluntarily submitted to Court's jurisdiction during the pendency of the above-styled Litigation for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

11.     All uses and disclosures of PHI shall comply, to the extent practicable, with the minimum necessary standards set forth in 45 C.F.R. § 164.502.

12.     Any recipient of PHI shall implement reasonable administrative, technical, and physical security safeguards for such PHI.

### Protection of Confidential Information

13.     The terms of the Stipulated Protective Order protecting "Confidential Information" (ECF No. 50) shall apply to this QPO.

14.     In addition to protections applicable under the Stipulated Protective Order, a party may designate documents as confidential and restricted in disclosure under this QPO by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION."

15.     The term Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Material. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (see 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

a. names;
b. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
c. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
d. telephone numbers;
e. fax numbers;
f. electronic mail addresses;
g. social security numbers;
h. medical record numbers;
i. health plan beneficiary numbers;
j. account numbers;

k.  certificate/license numbers;
l.  vehicle identifiers and serial numbers, including license plate numbers;
m.  device identifiers and serial numbers;
n.  web universal locators ("URLs");
o.  internet protocol ("IP") address numbers;
p.  biometric identifiers, including finger and voice prints;
q.  full face photographic images and any comparable images; and/or
r.  any other unique identifying number, characteristic, or code.

### Additional Terms Governing PHI and Confidential Material

16.    This QPO is effective upon execution and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

17.    A copy of this QPO shall be as valid as an original.

18.    The persons identified in paragraph 7(b) who receive information with PHI subject to this QPO shall sign the Declaration of Compliance attached hereto as **Exhibit A**.

The terms of the foregoing HIPAA-Qualified Protective Order are hereby acknowledged and agreed to by the Parties by and through their undersigned counsel of record.

Dated:          June 25, 2021                    Respectfully submitted,

                                                 */s/ Juliana S. Clay*
                                                 Juliana S. Clay
                                                 JONES DAY
                                                 250 Vesey Street
                                                 New York, NY 10281-1047
                                                 Telephone: 212-326-7881
                                                 Email: jclay@jonesday.com

                                                 *Counsel for Defendant*
                                                 *Experian Information Solutions, Inc.*

Dated:          June 25, 2021                    Respectfully submitted,

                                                 /s/ *Arjun Shah*
                                                 Arjun Shah
                                                 SCHLANGER LAW GROUP, LLP
                                                 80 Broad Street, Suite 1301
                                                 New York, NY 10004
                                                 Telephone: (212) 500-6114
                                                 Email: ashah@consumerprotection.net

                                                 *Counsel for Plaintiff*
                                                 *Lisa Lombardo*

Dated:          June 25, 2021                    Respectfully submitted,

                                                 /s/ *Kevin T. Bennett*
                                                 Kevin T. Bennett
                                                 Kari A. Morrigan
                                                 SCHUCKIT & ASSOCIATES, P.C.
                                                 4545 Northwestern Drive
                                                 Zionsville, IN 46077
                                                 Telephone: (317) 363-2400
                                                 Email: kbennett@schuckitlaw.com

                                                 *Counsel for Defendant*
                                                 *Trans Union LLC*

Dated:        June 25, 2021                    Respectfully submitted,

                                               /s/ *Christopher B. Turcotte*
                                               Christopher B. Turcotte
                                               THE LAW OFFICES OF CHRISTOPHER B.
                                               TURCOTTE, P.C.
                                               575 Madison Avenue, Suite 1006
                                               New York, NY 10022
                                               Telephone: (212) 937-8499
                                               Email: cturcotte@cbtlaw.com

                                               *Counsel for Defendant*
                                               *JPMorgan Chase Bank, N.A.*


Dated:        June 25, 2021                    Respectfully submitted,

                                               /s/ *Courtney Stieber*
                                               Courtney Stieber
                                               SEYFARTH SHAW LLP
                                               620 Eighth Avenue
                                               New York, NY 10018
                                               Telephone: (212) 218-5500
                                               Email: cstieber@seyfarth.com

                                               *Counsel for Defendant*
                                               *Equifax Information Services, LLC*


IT IS SO ORDERED.

Dated:        June 25___, __, 2021             /s/ _____
                                               UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the HIPAA-Qualified Protective Order (QPO) entered in this action on _____, 20___.

5.      I have carefully read and understand the provisions of this QPO.

6.      I will comply with all provisions of this QPO.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the QPO, any information, documents or other materials produced subject to this QPO

8.      I will use such information, documents or other materials produced subject to this QPO only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this QPO, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the QPO, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.

10.      I hereby submit to the jurisdiction of this Court for the purposes of enforcing the QPO in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.


_____
QUALIFIED PERSON