UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LISA LOMBARDO,                              :
                    Plaintiff,              :
                                            :       **ORDER**
v.                                          :
                                            :       20 CV 6813 (VB)
JPMORGAN CHASE BANK, N.A.,                  :
                    Defendant.              :

------------------------------------------------------------x

On October 25, 2023, defendant moved for reconsideration of the Court's Order dated July 21, 2023, granting in part and denying in part defendant's motion for summary judgment (Doc. #196), and the bench ruling on September 27, 2023, explaining the basis for the Court's ruling.[1]  (See Doc. #204).

Defendant specifically moves for reconsideration of the Court's decision to deny summary judgment as to plaintiff's claim under the Fair Credit Reporting Act ("FCRA").

Local Civil Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."

If the deadline set by Local Civil Rule 6.3 is measured from the day of the September 27 bench ruling, any motion for reconsideration was due October 11, 2023.  Accordingly, the reconsideration motion, which was filed on October 25, is untimely and is denied on that basis.

However, even if the Court determined to disregard this untimeliness and consider the reconsideration motion on its merits, it would still be denied.

As defendant notes in the reconsideration motion, the Court considered and applied Sessa v. Trans Union LLC, 74 F.4th 38 (2d Cir. 2023), in determining to deny summary judgment on the FCRA claim.  (See Doc. #206 at 1, 5, 8; see also Doc. #205-1 at 16–17 ("Regardless, under Sessa, . . . . [t]he pertinent question here is whether Lombardo has raised a trial issue as to the accuracy of the charge-off, and if so, the reasonableness of Chase's investigation.  I conclude that she has.").

That defendant filed its summary judgment motion before Sessa v. Trans Union LLC was decided, and therefore did not get to brief its impact on the motion, is irrelevant because the Court independently considered and applied Sessa in deciding the motion.  Defendant may disagree with the outcome on its summary judgment motion.  But disagreement with a ruling is not grounds to move for reconsideration, and defendant has failed to identify "an intervening

---

[1]     The July 21 Order scheduled a conference for August 29, 2023, at which time the Court would issue the bench ruling.  (Doc. #196).  Upon the request of defense counsel, the Court adjourned the August 29 conference until September 27.  (Docs. ##197–198).

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

Accordingly, the reconsideration motion is DENIED.

The Clerk is directed to terminate the motion.  (Doc. #204).

Dated: October 30, 2023
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge