UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LISA LOMBARDO,  :
              Plaintiff,  :
v.  :  **OPINION AND ORDER**
  :
  :  20 CV 6813 (VB)
JPMORGAN CHASE BANK, N.A.,  :
              Defendant.  :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Lisa Lombardo brings this action against defendant JPMorgan Chase Bank, N.A. ("Chase"), alleging Chase violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the Connecticut Uniform Commercial Code and breached the terms of an automobile lease agreement. Plaintiff's counsel and defendant agree the parties settled this case in mediation; plaintiff disagrees.

Now pending is the motion of plaintiff's attorneys, Schlanger Law Group, LLP, and Lupkin PLLC (together, "plaintiff's counsel"), to withdraw as counsel for plaintiff. (Doc. #239). Plaintiff's counsel also assert a charging lien.

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The parties have submitted memoranda of law and supporting declarations and exhibits.[1] Together, they reflect the following factual background.

---

[1] Plaintiff's counsel argue plaintiff's opposition (Doc. #255) should be disregarded because it is an improper hybrid "declaration/memorandum of law," prepared with the assistance of new counsel under a limited scope of engagement (Doc. #262 at 1). The Court disagrees.

Local Rule 7.1 requires oppositions to be set forth in a memorandum of law. Whether to strike a declaration containing legal argument is entirely within the Court's discretion. See Elghossain v. Bank Audi S.A.L., 2023 WL 6390160, at *14 (S.D.N.Y. Sept. 29, 2023).

1

On January 15, 2024, the parties engaged in a full day mediation. Plaintiff's counsel and counsel for defendants claim a binding settlement agreement was reached. Plaintiff disagrees, claiming she never agreed to be responsible for the taxes on the entire amount of the settlement, and repeatedly sought assurances that the settlement would be structured in such a manner, and thus no binding settlement agreement was reached.

On January 17, 2024, the parties filed a notice of settlement indicating they had reached a settlement and were in the process of finalizing the settlement documents. (Doc. #214). On March 18, 2024, plaintiff's counsel provided plaintiff with a proposed final settlement agreement. However, on April 19, 2024, plaintiff's counsel filed a status report indicating plaintiff no longer wished to finalize the settlement. At some point thereafter, plaintiff retained separate counsel to advise her with respect to a dispute regarding the amount of plaintiff's counsel's legal fees.

On May 8, 2024, the Court conducted a case management conference. Plaintiff's counsel represented they had been in discussions with plaintiff's fee dispute counsel and that they agreed plaintiff's rights regarding any fee dispute would be fully preserved and not prejudiced by

---

Although plaintiff is "not exempt from compliance with relevant rules of procedural and substantive law," she should also "not be impaired by harsh application of technical rules." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, while it is true that "it is not appropriate to afford pro se litigants special solicitude where a licensed attorney assisted in drafting," Askins v. Metro. Transit Auth., 2020 WL 1082423, at *3 (S.D.N.Y. Mar. 5, 2020), that does not mean plaintiff's opposition should be disregarded outright. Accordingly, the Court considers plaintiff's opposition, but will not otherwise afford her the special solicitude ordinarily afforded a pro se litigant.

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

finalizing the settlement agreement. Plaintiff's counsel also stated they were working with plaintiff's fee dispute counsel on a revised settlement agreement addressing plaintiff's tax concerns.

On June 6, 2024, plaintiff submitted an ex parte letter to the Court indicating she did not wish to proceed with settlement and making numerous accusations regarding Mr. Schlanger's conduct as her attorney, including that he failed to disclose pertinent information to her, unilaterally determined his legal fee, and pressured her to agree to a settlement. (Doc. #245 at 4).

On June 18, 2024, the Court conducted a case management conference at which plaintiff's counsel indicated they could not oppose a motion to enforce the settlement and intended to move to withdraw as counsel and join defendant's motion to enforce the settlement. The Court set a briefing schedule for the two motions and directed defendant to file a motion to enforce the settlement, followed by plaintiff's counsel's motion to withdraw if they still believed they could not defend against defendant's motion.

On July 16, 2024, defendant filed its motion to enforce the parties' settlement agreement. (Doc. #227).

On August 7, 2024, plaintiff's counsel filed the instant motion to withdraw as counsel. (Doc. #239).

## DISCUSSION

I.   Request to Withdraw as Counsel

   A.   Legal Standard

Local Civil Rule 1.4, which governs motions to withdraw as counsel, provides in pertinent part:

> [A]n attorney for a party may be relieved or displaced only by order of the court. This order may be issued after the filing of a motion to withdraw, only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement, and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

Whether to grant a motion to withdraw "falls to the sound discretion of the trial court," which must analyze two factors: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Marciano v. DCH Auto Group, 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016).

"Although there is no definitive standard for what constitutes a satisfactory reason for allowing a withdrawal, some possible reasons include failure to pay legal fees, a client's lack of cooperation, including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." Allstate Ins. Co. v. Spina, 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020). Similarly, Rule 1.16(c) of the New York Rules of Professional Conduct permits a lawyer to withdraw when, among other things:

> the client insists upon taking action with which the lawyer has a fundamental disagreement; . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; [or] the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law.

"To the extent irreconcilable differences exist between attorney and client, even in instances in which the client would prefer the attorney to continue his or her representation, courts may still permit counsel to withdraw." Ruiz v. Keratin Bar Inc., 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020).

As to the impact of withdrawal, the Court considers "the posture of the case" and whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320–21 (2d Cir. 1999). "The Court may also examine likely prejudice to

4

the client [and] whether the motion is opposed." Stair v. Calhoun, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010).

  B. <u>Satisfactory Reasons for Withdrawal</u>

Plaintiff's counsel argue they should be relieved for three reasons: first, a deterioration in the attorney-client relationship; second, there is no sound basis to oppose defendant's motion to enforce the settlement as plaintiff insists; and third, plaintiff disputes her legal fees and does not intend to honor the retainer agreement.

The Court agrees the first two reasons present satisfactory bases for withdrawal, but disagrees as to the third reason.

First, the deteriorated relationship between plaintiff and her counsel presents "irreconcilable differences" that warrant withdrawal. "Strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" to grant withdrawal. Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., 2005 WL 1963945, at *2 (S.D.N.Y. Aug. 15, 2005); see also McGuire v. Wilson, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw when the "relationship between the parties has deteriorated beyond repair," although fault for that deterioration was disputed). Plaintiff's counsel claim plaintiff has refused to cooperate, referring to numerous purportedly "hostile and accusatory phone calls and written communications." (Doc. #245 at 4). Plaintiff, on the other hand, claims her counsel failed to disclose pertinent information and pressured her to agree to a settlement. Moreover, although plaintiff contends their relationship is not broken, she does admit it is strained.

Based on plaintiff's and plaintiff's counsel's representations, the Court finds the relationship has broken down such that it would not serve plaintiff for Schlanger Law Group,

5

LLP, or Lupkin PLLC to continue representing her. It is important to note, however, that the Court does not ascribe blame to either plaintiff or her counsel, and this decision does not in any way impact the merits of defendant's pending motion to enforce the settlement, any other merits issue in this case, or any fee dispute between plaintiff and her counsel.

Second, plaintiff's counsel's belief that there is no sound basis to defend against the motion to enforce the settlement warrants withdrawal. As Mr. Schlanger has made clear at prior conferences, in letters, and now by declaration, he believes the parties reached a binding settlement agreement on January 15, 2024. Without making any finding as to the merits of defendant's motion to enforce the settlement, the Court finds these many representations demonstrate plaintiff's counsel's good faith belief that plaintiff is insisting on presenting a defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law.

Third, plaintiff's counsel argue that plaintiff's purported unwillingness to honor her retainer agreement as to fees and expenses presents an additional ground for withdrawal. It is true plaintiff objects to the fee request as excessive and disputes whether Lupkin PLLC "is entitled to receive legal fees at all." (Doc. #255 at 6). However, plaintiff also indicates she is willing to submit to a binding arbitration to resolve any fee dispute. As such, the Court does not find plaintiff has "no intention of honoring her retainer agreement" (Doc. #245 at 6), as plaintiff's counsel suggest.

Accordingly, the Court finds both the breakdown in the attorney-client relationship and plaintiff's insistence upon defending against the motion to enforce the settlement, which plaintiff's counsel do not believe there is a sound basis to oppose, constitute satisfactory reasons to grant the motion to withdraw.

C.   Impact of Withdrawal

Plaintiff's counsel argue that withdrawal will not impact these proceedings such that withdrawal should be denied.

The Court agrees.

First, if defendant's motion to enforce is granted, the matter will be concluded and prosecution of the suit will not be disrupted.

Second, if defendant's motion to enforce is denied, prosecution of the suit is not likely to be disrupted to an extent that warrants denial of the instant motion. Although discovery is closed, the case is not on the "eve of trial," as the Court has not yet set a trial date or deadlines for pre-trial submissions. Vachula v. General Elec. Cap. Corp., 199 F.R.D. 454, 458 (D. Conn. 2000). Moreover, while a lien may make it difficult for plaintiff to attract new trial counsel, that is not dispositive. Indeed, if plaintiff succeeds at trial, any new counsel would be entitled to seek their fees from defendant, see 15 U.S.C. § 1681n(a)(3), or may challenge current counsel's lien as unreasonable. In addition, the apparent breakdown in the attorney-client relationship indicates similar disruptions may occur if the Court were to deny plaintiff's counsel's motion to withdraw. And finally, plaintiff may continue to prosecute the case pro se.

The Court thus concludes the potential prejudice to the plaintiff or disruption to the case is not so great that withdrawal should be denied. See Karimian v. Time Equities, Inc., 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011).

Accordingly, the Court grants plaintiff's counsel's motion to withdraw.

II.   Charging Lien

Plaintiff's counsel assert a charging lien in the amount of $712,053.26, although they acknowledge the Court may defer ruling on the amount of the charging lien until the conclusion

7

of this case. Plaintiff does not address whether a charging lien should be imposed or not, but instead argues her counsels' fees are unreasonable, as discussed above.

      A.      <u>Legal Standard</u>

"Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the case in which the attorney rendered legal services." <u>Joffe v. King & Spalding LLP</u>, 337 F. Supp. 3d 366, 368 (S.D.N.Y. 2018). Section 475 of the New York Judiciary Law, which governs attorneys' charging liens in federal courts sitting in New York, see <u>Itar–Tass Russian News Agency v. Russian Kurier, Inc.</u>, 140 F.3d 442, 449 (2d Cir. 1998), provides:

> From the commencement of an action . . . , the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475.

"Counsel who withdraw voluntarily are entitled to enforce this charging lien, provided that the withdrawal is for good and sufficient cause." <u>Karimian v. Time Equities, Inc.</u>, 2011 WL 1900092, at *4. Some courts have suggested this "good cause" inquiry "reflects a higher standard than the satisfactory reason required to withdraw as counsel." <u>Stair v. Calhoun</u>, 722 F. Supp. 2d at 268. However, "good cause for withdrawal exists where there are irreconcilable differences with respect to the proper course to be pursued in the litigation, where the client flatly challenged counsel's loyalty and professional integrity, or where the relationship between plaintiff and [her] attorney has deteriorated to the point where further representation is inappropriate." <u>Karimian v. Time Equities, Inc.</u>, 2011 WL 1900092, at *4.

8

"The decision to fix a charging lien lies within the discretion of the Court." Joffe v. King & Spalding LLP, 337 F. Supp. 3d at 369.

B.     Analysis

Plaintiff's counsel are entitled to a charging lien under Section 475. Both Schlanger Law Group, LLP, and Lupkin PLLC have appeared on plaintiff's behalf in this case. (See Docs. ##1, 76). In addition, plaintiff signed a retainer agreement that specifically provides for a charging lien. To the extent plaintiff challenges Lupkin PLLC's ability to assert a charging lien on the basis that she never retained them, the Court disagrees, as the retainer agreement explicitly authorizes Schlanger Law Group, LLP, to retain associate counsel and co-counsel at its discretion.

In addition, plaintiff's counsel have good cause to withdraw. As discussed above, plaintiff's counsel could not have ethically opposed defendant's motion to enforce the settlement, as they do not believe there is a sound basis to do so. In addition, the attorney-client relationship has deteriorated to the point where further representation is inappropriate. The Court finds these circumstances constitute good cause. See Karimian v. Time Equities, Inc., 2011 WL 1900092, at *4.

Accordingly, the Court will fix a charging lien on behalf of plaintiff's counsel.

However, the Court defers decision as to the amount of the charging lien. The Court has "discretion to defer ruling on the amount of the charging lien until the amount to be recovered by Plaintiff, if any, has been finally determined." Joffe v. King & Spalding LLP, 337 F. Supp. 3d at 370. Given the ongoing fee dispute and the uncertain state of this litigation—including whether it will be concluded in connection with the pending motion to enforce the settlement—the Court

9

exercises that discretion and will defer ruling on the amount until after the amount to be recovered by plaintiff, if any, has been finally determined.

Relatedly, to the extent plaintiff requests an order compelling her counsel to submit to arbitration regarding the fee dispute (Doc. #255 at 8), the Court has no power to do so. As plaintiff acknowledges, because the amount in dispute exceeds $50,000, plaintiff's counsel's consent is required to be the subject of New York's fee dispute arbitration procedures. See 22 N.Y.C.R.R. §§ 137.1(b)(2). Moreover, plaintiff does not claim any agreement mandates that the parties submit to arbitration, and it is well-settled that "a party cannot be required to submit to arbitrate any dispute which he has not agreed so to submit." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986). Accordingly, plaintiff's request is denied.

## CONCLUSION

The motion of Schlanger Law Group, LLP, and Lupkin PLLC to withdraw as attorneys of record and to fix a charging lien on any verdict, settlement, judgment, or final order in this case, is GRANTED.

The Court defers ruling on the amount of the charging lien until the amount to be recovered by plaintiff, if any, has been finally determined.

By December 9, 2024, plaintiff shall file her opposition to defendant's motion to enforce the parties' settlement agreement. Plaintiff may proceed pro se or may retain new counsel. Either way, her opposition is due December 9, 2024. The Court will mail plaintiff a copy of the Motions Guide, which describes the procedure for making and responding to motions. If

plaintiff proceeds pro se, she is expected to review the Motions Guide and follow the instructions therein.  By December 23, 2024, defendant shall file its reply, if any, in support of its motion.

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein, as well as a copy of the Motions Guide, to plaintiff at the following address:

   Lisa Lombardo
   50 Forest Street, Apt. 608
   Stamford, CT 06901

The Clerk is instructed to update the docket accordingly.

The Clerk is further instructed to terminate Daniel A. Schlanger, Esq., and Jonathan D. Lupkin, Esq., as counsel for plaintiff, and to terminate the motion.  (Doc. #239).

Dated:  November 7, 2024
        White Plains, NY

                                        SO ORDERED:

                                        _____
                                        Vincent L. Briccetti
                                        United States District Judge

11