UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LISA LOMBARDO,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant.
------------------------------------------------------------x

**OPINION AND ORDER**

20 CV 6813 (VB)

Briccetti, J.:

Before the Court is pro se plaintiff Lisa Lombardo's consolidated motion under Federal Rules of Civil Procedure 52(b) and 59(e) seeking to set aside, alter or amend the Court's April 8, 2026, Opinion and Order (Doc. #374) (the "Opinion") fixing the amount of Schlanger Law Group's ("Schlanger") charging lien. (Docs. ##377, 379).[1]

---

[1] Plaintiff submitted two briefs in support of her motion. (See Docs. ##379-1, 379-2). Together, these materials total 37 pages, not including the caption, indices, table of contents, or table of authorities—in violation of Local Rule 6.3's 10-page limit for briefs in support of reconsideration motions filed by parties not represented by counsel. Bearing in mind that "pro se plaintiffs should be granted special leniency regarding procedural matters," LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), the Court, in its discretion, will consider both briefs.

In connection with plaintiff's "Consolidated Reply in Further Support of the Consolidated Motion Pursuant to Fed. R. Civ. P. 52(b) to Amend Findings of Fact and Fed. R. Civ. P. 59(e) To Alter Or Amend Judgment" (Doc. #389), plaintiff submitted materials not previously provided to the Court. "[A] party may not seek relief based on evidence that was not previously submitted to the Court if the party reasonably could have presented the evidence, but chose not to." Nastasi & Assocs., Inc. v. Bloomberg, L.P., 2020 WL 2555281, at *1 (S.D.N.Y. May 20, 2020). Every document plaintiff filed for the first time on reply (Doc. #390) was available to her before she filed her opposition to Schlanger's motion to fix the charging lien (Doc. #351) and before she filed the motion. The Court accordingly declines to consider this belatedly proffered evidence. In any event, even if considered, this untimely evidence would not support the relief plaintiff seeks.

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

For the reasons set forth below, the motion is DENIED.

The parties' familiarity with the factual and procedural background of this case is presumed.

**DISCUSSION**

I. Legal Standard

Rule 52(b) permits a court to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." Fed. R. Civ. P. 52(b). Rule 59(e) allows a party to move to "alter or amend a judgment." Fed. R. Civ. P. 59(e). "The standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same." Smith v. City of New York, 1 F. Supp. 3d 114, 123 (S.D.N.Y. 2013).

"To prevail on a motion for reconsideration, the movant must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001).

The motion "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not . . . advance new facts, issues, or arguments not previously presented to the court." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." In re Platinum-Beechwood Litig., 2019 WL 3759171, at *2 (S.D.N.Y. July 23, 2019).

## II. Analysis

Plaintiff claims (i) the Court committed a clear error of law by resolving the fee dispute without discovery or an evidentiary hearing, (ii) the Opinion rests on several "clearly erroneous" findings of facts (Doc. #379-1 at 12), and (iii) the Opinion would result in a manifest injustice based on the resulting allocation of settlement proceeds.

The Court is not persuaded.

### A. The Court Did Not Err in Fixing the Lien on the Parties' Written Submissions

Plaintiff has not shown the Court committed a clear error of law by resolving the fee dispute on the parties' written submissions. Plaintiff largely repeats the arguments she made in opposing Schlanger's original motion to fix the charging lien. (Compare Doc. #379-1 at 14–15 with Doc. #351 at 3–7). Plaintiff's renewed presentation of arguments previously considered—and rejected—by the Court does not establish clear error. See Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 184 (S.D.N.Y. 2016).

Plaintiff's citations to two New York state court decisions ordering an evidentiary hearing before fixing the amount of a charging lien do not alter this conclusion. (See Doc. #379-2 at 7 (citing Neeman v. Smith, 227 A.D.3d 818, 821 (2d Dep't 2024), and Biagioni v. Narrows MRI & Diagnostic Radiology, P.C., 127 A.D.3d 800, 801 (2d Dep't 2015)). These decisions were available to plaintiff at the time of her original opposition, but she neglected to utilize them. In any event, these cases do not alter the Court's view that plaintiff's "opposition to Schlanger's motion was her opportunity to litigate this issue." (Doc. #374 at 8).

In her reply, plaintiff argues for the first time that Rasmy v. Diederich, 2025 WL 3552719 (2d Cir. Dec. 11, 2025) (summary order) requires an evidentiary hearing before a charging lien amount may be fixed, especially because of plaintiff's objections to the submitted

billing entries (Doc. #389 at 2). But arguments raised for the first time in a reply brief are ordinarily not properly before the Court. Mateo v. Bristow, 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013) ("It is well established that . . . a court should not consider arguments that are raised for the first time in a reply brief."). Plaintiff offers no explanation for why this authority, decided months before she filed the motion, could not have been included in her moving papers. Accordingly, because plaintiff failed to raise this argument in her opening papers, the Court deems that argument waived.

In any event, Rasmy does not help plaintiff. There, the Second Circuit remanded the case because it was "unclear from the record whether the district court considered the applicable factors under New York law" in fixing a charging lien. Rasmy v. Diederich, 2025 WL 3552719, at *12. Here, by contrast, the Opinion expressly weighed the quantum meruit factors under governing New York law, including the time and skill required, the complexity of the matter, counsel's experience, the benefit obtained for plaintiff, and the fee customarily charged for similar services. (Doc. #374 at 7–11). Nothing in Rasmy—or any other authority plaintiff cites—requires a court to conduct a meticulous audit of every billing entry before fixing a lien amount. To the contrary, a court need not "set forth item-by-item findings concerning what may be countless objections to individual billing items." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).

B. The Opinion's Findings of Fact Were Not Clearly Erroneous

Plaintiff takes issue with six "findings of fact." (Doc. #379-1 at 12). For the reasons set forth below, all of these arguments are without merit.

1. March 2020 Retainer

Plaintiff disagrees with the Court's conclusion that the September 2, 2021, co-counsel agreement between Schlanger and Lupkin PLLC did not supersede her March 2020 retainer with Schlanger. Her disagreement does not support reconsideration. The Court already construed the merger clause on which plaintiff relies as applying only between Schlanger and Lupkin, not to plaintiff. Plaintiff provides no justification for reconsidering that finding nor does she explain how its reversal would "fundamentally alter the judgment." (Doc. #379-1 at 16).

2. Reasonableness of Schlanger's Hours and Rates

Plaintiff next argues the Court erred in finding Schlanger's claimed hours were "reasonable" despite "the complete absence of contemporaneous and itemized invoices and the use of improper block billing, redundances, and other legitimate billing defects." (Doc. #379-1 at 12).

This argument fails.

A party seeking to show its requested attorneys' fees are reasonable must submit to the Court "contemporaneous time records that specify, for each time keeper, the date, the hours expended, and the nature of the work done." Alvarez v. Fine Craftsman Grp., LLC, 2024 WL 3730569, at *2 (S.D.N.Y. Aug. 6, 2024). Schlanger met that burden, submitting 74 pages of its billing entries spanning a four-year period, including a summary table of total time billed using both 2020 and 2025 rates. In any event, the Court already addressed this contention and held that Schlanger's refusal to collate its billing entries in this way had "no bearing" on the amount of Schlanger's charging lien. (Doc. #374 at 13). At bottom, the Court already "carefully reviewed Schlanger and Lupkin's time entries" in determining that the requested charging lien was reasonable. (Id.).

Plaintiff separately contends she was entitled to receive "contemporaneous, itemized billing records." (Doc. #379-1 at 21). Again, as previously held in the Opinion (Doc. #374 at 13), the format and frequency by which plaintiff received invoices from Schlanger has no bearing on the amount of the charging lien and therefore cannot form a basis for the Court to now amend or alter the prior judgment.

3. The Case's Complexity and Risk

Plaintiff argues the Court erred in finding the case "complicated" and "risky" because Schlanger urged plaintiff to reject a pre-suit resolution and "induc[ed] her to bring this lawsuit." (Doc. #379-1 at 19). The Court already considered and rejected this argument. (Compare Doc. #351 at 24 with Doc. #374 at 9). A motion for reconsideration is not a vehicle to "reiterate arguments that were previously considered and rejected," Great Am. Ins. Co. v. Zelik, 439 F. Supp. 3d 284, 288 (S.D.N.Y. 2020), and plaintiff's repetition of the argument does not support reconsideration.

4. Remaining Factual Contentions

Plaintiff's remaining challenges to the Opinion's "findings of fact" are equally without merit. First, she challenges the Opinion's description of the final settlement agreement, sent March 18, 2024, as one that "did not address any tax protection language or a split regarding attorneys' fees" (Doc. #374 at 5), arguing the description is contradicted by the record. Second, she argues the Court committed "clear errors of fact" regarding the January 15, 2024, mediation by mischaracterizing the session as "daylong" and the timing of the mediator's confirming email as occurring "at night." (Doc. #374 at 4).

But no aspect of the Court's setting of the charging lien amount depended on the settlement agreement's proposed allocation, the mediation's length, or the time the mediator sent

the email. Plaintiff does not explain how these details bear on the Opinion's calculation of the lien, or how her claimed corrections would remedy any clear error or manifest injustice.[2] (See Docs. ##379-1 at 20, 379-2 at 14).

C. The Lien Amount is Not Unconscionable

Plaintiff next argues that the setting of the lien amount "works a manifest injustice" because it allocates 87% of the Chase settlement, and 75% of the total settlement recovery, to Schlanger. (Doc. 379-1 at 13). Reconsideration based on manifest injustice is only appropriate when the alleged error is "direct, obvious, and observable." Petersen Energia Inversora, S.A.U. v. Argentine Republic, 2023 WL 3625784, at *2 (S.D.N.Y. May 24, 2023).

Plaintiff identifies no such error—only her disagreement with the Court's conclusion that the requested lien was reasonable notwithstanding that it exceeds her individual recovery. But a fee award is not unreasonable merely because it exceeds what the client recovers. See Millea v. Metro–North R.R. Co., 658 F.3d 154, 168–69 (2d Cir. 2011). This conclusion is buttressed by the fact that plaintiff was on notice from the retainer agreement with Schlanger that Schlanger's fees could exceed her recovery. (Doc. #347-5 at 2).

Plaintiff's argument that the charging lien is unconscionable due to unresolved "tax liability" is similarly without merit. (Doc. #379-2 at 12). Plaintiff does not point to—nor is the Court aware of—any authority to support the proposition that an unsupported "potential" tax liability may reduce a quantum merit amount. (Id.)

---

[2] Plaintiff's description of the settlement agreement allocation is correct. (See Doc. #231-7 at ECF 4). Schlanger concedes this. (Doc. #385 at 15–16). Plaintiff is also correct that the mediator's email is time stamped at 1:50 p.m., signaling the session did not last the full day. (Doc. #228-3). As explained above, however, these details are immaterial to the Court's setting of the charging lien amount.

"ECF ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

D. Remaining Requested Relief

Among other relief, plaintiff seeks an order "[s]taying the enforcement" of the charging lien pending "final resolution of the fee dispute." (Doc. #379-1 at 28). Plaintiff did not seek a stay pending disposition of this motion under Federal Rule of Civil Procedure 62 and, according to Schlanger, Chase has already disbursed the settlement funds—paying the lien amount to Schlanger directly and the remainder to plaintiff directly—in accordance with the Opinion before plaintiff filed the motion. (Doc. #384 at 16). Accordingly, plaintiff's request is denied as moot.

Further, in her reply, plaintiff for the first time asks the Court to order Schlanger to deposit the disputed settlement proceeds into the Registry of the Court pursuant to Federal Rule of Civil Procedure 67, or, alternatively, to enjoin Schlanger from transferring or dissipating those funds pending a final, non-appealable judgment. (Doc. #389 at 11–12).

This request is denied for several reasons.

First, this new relief sought for the first time on reply was not included in plaintiff's opening brief, which sought only a stay of enforcement. The Court accordingly need not consider it. See Mateo v. Bristow, 2013 WL 3863865, at *8.

Second, even considered on the merits, the request is unavailing. Under Rule 67, "a party . . . may deposit with the court all or part of the money or thing" at issue. Fed. R. Civ. P. 67. It does not, as plaintiff contends, authorize one party to compel an adversary who already holds funds pursuant to a court order to surrender them. The Opinion directed Chase to pay the lien amount "to Schlanger directly" and the remainder "to plaintiff directly," without any escrow condition, trust designation, or stay. (Doc. #374 at 15). Chase has done so. A pending reconsideration motion does not retroactively convert funds paid pursuant to an unstayed court order into disputed trust property. For the same reason, plaintiff's reliance on New York's Rule

of Professional Conduct 1.15(b)(4) is misplaced. This rule governs client funds an attorney holds in trust while a bona fide dispute over them remains pending, not funds already disbursed pursuant to a court order.

Finally, plaintiff identifies no basis for injunctive relief. Any harm she asserts is purely monetary and therefore does not constitute irreparable injury. See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979). To the extent plaintiff wished to prevent disbursement of the funds pending resolution of the motion, her remedy was to seek a stay under Rule 62 before the funds were transferred.

**CONCLUSION**

Plaintiff's motion for reconsideration is DENIED.

The Clerk is instructed to terminate the motion. (Docs. ##377, 379).

Chambers will mail a copy of this Order to plaintiff at the address on the docket and email a copy to lombardct@yahoo.com.

Dated: September 10, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge